IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EUGENE SCALIA, | | |
| Plaintiff, | | **4:19CV3111** |
| v. | | |
| BUSHIDO, INC., and GUANGCHUN LI, individually; | | **CONSENT JUDGMENT** |
| Defendants. | | |

This matter is before the Court on the parties' Motion for Entry of Consent Judgment (Filing No. 17) filed by plaintiff Eugene Scalia, the United States Secretary of Labor.  The Court has reviewed the motion and proposed consent judgment and finds the motion should be granted.  At the parties' request,

1.  Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections l5(a)(2) and l5(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("Act"), in any of the following manners:

    A.  Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to their employees employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Act.

    B.  Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

    C.  Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of

their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

2. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act; nor shall Defendants or any one acting on their behalf retaliate against any employee recovering back wages under this judgment by paying said employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by Defendants for the job titles or duties such employee is performing or will be assigned to perform. Defendants will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

3. Defendants are hereby restrained from continuing to withhold unpaid overtime compensation due the employees named in the Appendix attached hereto ("Appendix") in the amounts set forth opposite their names.

4. Plaintiff shall recover from Defendants the sum of $ 65,000.00 in unpaid minimum-wages compensation, overtime compensation and liquidated damages for the employees listed in the Appendix.

5. Within thirty (30) days of the date of this judgment, Defendants shall make this payment online through ACH transfer, credit card, debit card, or digital wallet at https://pay.gov/public/form/start/77692637 or www.pay.gov and search "WHD Back Wage Payment – MW Region" and including investigation number 187149 in the field labeled "BW Case Number." Also within 30 days of the date of this judgment, Defendants shall provide to the Department of Labor the last known address, telephone number and full social security number, if known, of each person listed in the Appendix. The Department of Labor will distribute such sums received to the individuals

named in the Appendix in the net amounts set forth opposite their names, in accordance with the provisions of section 16(c) of the Act.

6.    Defendant remains responsible for the employer's share of the Federal Insurance Contributions Act tax arising from or related to the back wages distributed by Plaintiff.

7.    Any sums not distributed within a period of three years from the date of this judgment because of inability to locate the proper persons or because of such person's refusal to accept the sum(s) sought to be distributed shall be deposited into the Treasury of the United States. Upon receipt of full payment from Defendants, Plaintiff's counsel shall file with the Court a certificate of payment.

8.    Each party shall bear their own costs, fees and other expenses incurred in connection with any stage of this proceeding.

IT IS SO ORDERED.

Dated this 22nd day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

**Appendix to the Consent Judgment**

| Employee Name | Back Wages | Liquidated Damages |
|---|---|---|
| Balderas, Ivana | $2,292.46 | $ 264.98 |
| Beck, Hannah | $ 64.78 | $ 7.49 |
| Chen, A Quing | $9,593.06 | $1,108.83 |
| Chen, Fen Wei | $ 582.31 | $ 67.31 |
| Chen, Teng | $6,540.05 | $ 755.94 |
| Craig, Nathan | $4,846.38 | $ 560.18 |
| David, Dwayne | $2,250.00 | $ 260.07 |
| Gleason, Crystal | $ 87.68 | $ 10.13 |
| Jakoby, Kimberly | $ 154.99 | $ 17.91 |
| Lewandowski, Laurin | $ 566.32 | $ 65.46 |
| Li, Jun | $4,019.10 | $ 464.55 |
| Lin, Da | $ 55.58 | $ 6.42 |
| Lin, Yu Di | $1,724.00 | $ 199.27 |
| Matson, Sarah | $1,845.20 | $ 213.28 |
| Pierre, Zach | $ 29.50 | $ 3.41 |
| Rivas, Faith | $1,579.79 | $ 182.60 |
| Schnitzier, Tyler | $2,507.37 | $ 289.82 |
| Stout, Mary | $ 391.05 | $ 45.21 |
| Summers, Cody S | $ 71.01 | $ 8.21 |
| Sun, Jian Chang | $ 671.83 | $ 77.65 |
| Theis, Nick | $ 774.97 | $ 89.58 |
| Wu, Ai Mei | $ 131.04 | $ 15.15 |
| Wu, Bao C | $ 553.85 | $ 64.02 |
| Xin Yi, Yang | $ 111.15 | $ 12.85 |
| Zhang, Liuqing | $8,769.78 | $1,013.67 |
| Zheng, Mei Fang | $8,052.05 | $ 930.71 |